UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES GRANT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-805 c/w 10-872 & 10-1919** |
| **KEVIN HOUSER, ET AL** | **SECTION "C" (3)** |
| | **THIS ORDER APPLIES TO CASE NO. 10-1919** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration and Stay Proceedings. (Rec. Doc. 58). Plaintiff Mitch Berger, opposes the Motion. (Rec. Doc. 65). After reviewing the record, memoranda of counsel, and the applicable law, Defendants' Motion to Compel Arbitration and Stay Proceedings is DENIED for the following reasons.

### I. Background

On January 1, 2004, Plaintiff Mitch Berger opened a securities brokerage account with Brecek & Young Advisors, Inc. ("BYA"). (Rec. Doc. 58 at 2). Defendant Kevin Houser was the registered representative for BYA in charge of the account. (Rec. Doc. 58-2 at 1). In the course of opening the brokerage account Berger and Houser signed a "New Account Form," which contained a broadly worded arbitration clause.[1] *Id.*

In late 2008, Houser suggested that Berger invest in a Louisiana Film Studios ("LFS") deal, which was supposedly backed by state tax credits. (Civ. Act. No. 10-1919 "C" Rec. Doc. 1 at 4).

---

[1] The agreement provides in relevant part: "It is agreed that any controversy between me and BYA, or its registered representatives, employees, or agents, included but not limited to those arising out of my account, transactions with or for me, investments, or this agreement, shall be resolved by arbitration in accordance with the rules, then applying, of the NASD." (Rec. Doc. 58-2 at 1).

1

On January 1, 2009, Berger wrote a check to LFS in the amount of $250,000 and had it delivered to Houser. *Id.* at 5-6. Houser delivered this check to LFS but failed to obtain any documents, such as stock certificates or promissory notes, evidencing Berger's investment in LFS. *Id.* at 6. Berger alleges that at the time Houser suggested the LFS investment, Houser was a creditor of LFS - a fact that Houser failed to disclose. *Id.*

On October 31, 2008, Defendant Securities America, Inc. ("Securities America"), alleges that it acquired 100% of BYA's shares. (Rec. Doc. 63-1 at 2). In January 2009, Securities America alleges that BYA assigned all of its assets, accounts, and contractual rights and obligations to Securities America. *Id.* Around the same time, Securities America alleges that BYA's customers were notified that their accounts were being assigned to Securities America. *Id.*

In July 2010, Berger filed suit against Houser, Securities America and American International Specialties Lines Insurance Company, for Houser's activities regarding Berger's LFS investment. (Civ. Act. No. 10-1919 "C" Rec. Doc. 1). Defendants' filed a motion to compel arbitration based on the Arbitration Agreement in the New Account Form. (Rec. Doc. 58). Defendants argue that Securities America can enforce the agreement because it is BYA's assignee. (Rec. Doc. 63 at 2). Furthermore, Defendants argue that since Berger's suit is based on breach of contract and tort claims that relate to his investment account with Houser and Securities America, equitable estoppel prevents Berger from denying that he is bound by the Arbitration Agreement contained in the New Account Form, which created the very investment account that Houser claims was mishandled. *Id.* at 5. Berger responds by arguing that he has no arbitration agreement with Securities America and that Defendants have not provided adequate proof of any assignment between BYA and Securities America, or notice thereof. (Rec. Doc. 65 at 4-6).

## II. Law and Analysis

The FAA applies to contracts involving interstate commerce that contain or are subject to a written agreement to arbitrate. 9 U.S.C. §§ 1-2. The statute provides for "the enforcement of arbitration agreements within the full reach of the Commerce Clause," and reaches more transactions than those actually "within the flow of interstate commerce." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (internal quotations omitted). Here, the contracts between Berger and Houser constitute interstate commerce under the FAA because the sale of securities has a substantial effect on interstate commerce. *Citizens Bank,* 539 U.S. at 57. The Arbitration Agreement also satisfies the "agreement in writing" requirement of FAA Section 3, because there is no question it is in writing and was signed by Berger. (Rec. Doc. 63-1). Therefore, the terms of the FAA apply to this matter.

The Fifth Circuit has enumerated a two-step test to determine whether a district court should compel arbitration. "First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable." *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992) (overruling on other grounds recognized by *Brabham v. A.G.Edwards & Sons, Inc.*, 376 F.3d 377 (5th Cir. 2004)).

As the Fifth Circuit recently made clear, state law applies when a district court determines whether a party is bound by or can enforce an arbitration agreement. *Todd v. Steamship Mut. Underwriting Assoc., LTD.*, 601 F.3d 329, 334 (5th Cir. 2010). A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 486 (1941). In Louisiana choice of law clauses in contracts are given effect unless there is law or strong public policy justifying the refusal to enforce the contract as written. *Prescott v.*

*Northlake Christian School*, 369 F.3d 491, 496 (5th Cir. 2004). In this case Berger signed a New Account Form with BYA, which contained a choice of law clause selecting California law as the law to be used when construing and enforcing the contract. (Rec. Doc. 85-1 at 4). Since neither party has suggested any reason why this choice should not be honored, this Court will follow California law on the question of who may enforce the Arbitration Agreement between Berger and BYA.

Under California law, non-parties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties, for instance when an agent seeks to enforce the arbitration agreement of its principal. *Valley Casework, Inc. v. Comfort Construction, Inc.,* 76 Cal.App.4th 1013, 1021 (1999). While Securities America argues that it is entitled to enforce the terms of the Arbitration Agreement between BYA and Berger as BYA's assignee, the Court agrees with Plaintiff and finds that Defendants have not supplied sufficient evidence to support their claims about the extent of any such contractual assignment. Defendants have only supplied a generic affidavit that claims that BYA assigned all of its contracts to Securities America, without supplying any documentary evidence of such a transaction.

In addition, the Court finds that the principle of equitable estoppel does not apply in this case. In California, "[t]he equitable estoppel doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants for claims that are based on the same facts and are inherently inseparable from arbitrable claims against signatory defendants" *Laswell v. AG Seal Beach, LLC*, 117 Cal.Rptr.3d 310, 317 (Cal.App. 2 Dist., 2010) (internal quotes omitted); *see also Metalclad Corp. v. Ventana Envir. Org. Partnership*, 109 Cal.App.4th 1705 (Cal.App. 4 Dist., 2003); *Goldman v. KPMG LLP*, 173 Cal.App.4th. 209 (Cal.App. 2 Dist., 2009).

Here Plaintiff's underlying claims for fraud and unfair trade practices are separable from the

4

contract containing the arbitration clause, since the New Account Form does not establish a required element of a claim for fraud or unfair trade practices. (Rec. Doc. 4 at 8). This is in contrast to the case sited by Defendants where a contract containing an arbitration clause formed the entire basis of the plaintiff's suit regarding the delivery of a turbine that did not meet the contract's specifications. *Allianz Global Risk U.S. Ins. v. Gen. Elec. Co.* 2010 WL 749876 (C.D. Cal. 2010).

### IV. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion to Compel Arbitration and Stay Proceedings is DENIED. (Rec. Doc. 58).

New Orleans, Louisiana, this 10th day of January, 2011.

                                  **HELEN G. BERRIGAN**
                                  **UNITED STATES DISTRICT JUDGE**