UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES GRANT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-805 C/W 10-872 C/W 10-1919** |
| **KEVIN HOUSER, ET AL.** | **SECTION "C" (3)** |

ORDER

On March 16, 2011, the Motion to Compel [Doc. #95] and the Motion to Compel [Doc. #96] came on for oral hearing before the undersigned. Present were Thomas Barbera on behalf of plaintiffs and Thomas Roberts and Heather McArthur on behalf of defendants. After the oral hearing, the Court took the motions under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments,

**IT IS ORDERED** that the Motion to Compel [Doc. #95] and the Motion to Compel [Doc. #96] are GRANTED IN PART, DENIED IN PART and DISMISSED WITHOUT PREJUDICE AS MOOT IN PART as outlined below.

**I.      Plaintiffs' Motion to Compel Defendant Securities America, Inc. [Doc. #95]**

The Court first rejects plaintiffs argument that defendant Securities America, Inc. ("SAI") must organize the documents that it has produced and correspond each document to a specific discovery request. Federal Rule of Civil Procedure 34 provides that "[a] party must produce

documents as they are kept in the ordinary course of business *or* must organize and label them to correspond to categories in the request . . . ."  Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added).  Accordingly, SAI may produce the documents as it keeps them in the ordinary course of business.

With regard to the following discovery requests, the motion is dismissed without prejudice in part as moot.  The Court finds that defendant SAI has responded sufficiently to the following requests:  Interrogatory Nos. 2, 4 and 8, and Request for Production Nos. 2, 3, 7, 8, 10 and 19.

With regard to Interrogatory Nos. 6 and 7, the motion is granted in part.  The Court finds that the interrogatory is overbroad in time and scope.  Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope.  SAI also objected to this request on the ground of investigatory privilege.  The Court recognizes that a limited investigatory privilege exists.  *See In re Nat'l Ass'n of Secs. Dealers*, No. 96-0518, 1996 WL 406826, *1 (E.D. La. July 18, 1996).  The Court finds, however, that SAI has no standing to assert such a privilege.  In the case law that this Court has reviewed, the privilege is reserved to the regulatory entity.  *See id.*  Accordingly, the Court rejects SAI's assertion of the investigatory privilege.

The motion is denied insofar as it seeks an order compelling answers to plaintiffs' Interrogatory Nos. 15 and 16, which exceed the limit of 25 interrogatories imposed by Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1E when discrete sub-parts are properly counted.  Plaintiffs failed to seek leave of court to propound interrogatories in excess of 25, and it appears that the limit should not be exceeded without leave in this lawsuit.  Plaintiffs may seek leave of Court to re-propound these interrogatories, should circumstances so warrant.  Plaintiffs shall carefully consider narrowing the interrogatories in time and scope should they seek leave to re-propound them.

With regard to Request for Production No. 1, the motion is granted.

With regard to Request for Production No. 4, the motion is granted in part. The Court rejects the assertion of the investigatory privilege for the reasons stated above. The Court finds that the interrogatory is overbroad in time and scope. Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope. Should SAI withhold any documents on the ground of the attorney-client and/or work-product privileges, SAI shall confect an appropriate privilege log and serve it on plaintiffs.

With regard to Request for Production No. 5, the motion is granted in part. The Court finds that the interrogatory is overbroad in time and scope. Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope. Should SAI withhold any documents on the ground of the attorney-client and/or work-product privileges, SAI shall confect an appropriate privilege log and serve it on plaintiffs.

With regard to Request for Production No. 6, the motion is granted in part. The Court can not definitively state at this stage of the litigation that the request is not reasonably calculated to lead to the discovery of admissible evidence. Should SAI possess further responsive documents, SAI shall produce them to plaintiffs. The Court also finds that the interrogatory is overbroad in time and scope. Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope.

With regard to Request for Production No. 11, the motion is granted. Should SAI possess further responsive documents, SAI shall produce them to plaintiffs. Should SAI withhold any documents on the ground of the attorney-client and/or work-product privileges, SAI shall confect an appropriate privilege log and serve it on plaintiffs.

With regard to Request for Production No. 12, the motion is granted in part. The Court again finds that the interrogatory is overbroad in time and scope. Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope. Should SAI withhold any documents on the ground of the attorney-client and/or work-product privileges, SAI shall confect an appropriate privilege log and serve it on plaintiffs. The Court rejects the assertion of the investigatory privilege for the reasons stated above.

With regard to Request for Production No. 13, the motion is denied. The Court finds that this request is grossly overbroad. This Order reserves the right to plaintiffs to re-phrase the request and re-propound it on SAI.

With regard to Request for Production Nos. 16 and 17, the motion is granted. If SAI possesses defendant Grant Houser's personnel and disciplinary files, SAI shall produce them to plaintiffs. SAI shall appropriately redact the files before production, should circumstances so warrant.

With regard to Request for Production No. 18, the motion is granted in part. The Court again finds that the interrogatory is overbroad in time and scope. Counsel for plaintiffs and counsel for SAI shall meet and confer and agree on a limitation in time and in scope. Should SAI withhold any documents on the ground of the attorney-client and/or work-product privileges, SAI shall confect an appropriate privilege log and serve it on plaintiffs.

**II.     Plaintiffs' Motion to Compel Defendant Kevin Houser [Doc. #96]**

As noted above, the Court first rejects plaintiffs argument that Houser must organize the documents that he has produced and correspond each document to a specific discovery request. Federal Rule of Civil Procedure 34 provides that "[a] party must produce documents as they are kept

in the ordinary course of business *or* must organize and label them to correspond to categories in the request . . . ." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added).  Accordingly, Houser may produce the documents as he keeps them in the ordinary course of business.

With regard to the following discovery requests, the motion is dismissed without prejudice in part as moot.  The Court finds that defendant Houser has responded sufficiently to the following requests:  Interrogatory Nos. 3, 8, 10, 12 and 13, and Request for Production Nos. 2, 3, 4, 7, 9, 10, 12 and 19.

The motion is denied insofar as it seeks an order compelling answers to plaintiffs' Interrogatory Nos. 19, 20, 21, 22, 24 and 25, which far exceed the limit of 25 interrogatories imposed by Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1E when discrete sub-parts are properly counted.  Plaintiffs failed to seek leave of court to propound interrogatories in excess of 25, and it appears that the limit should not be exceeded without leave in this lawsuit.  Plaintiffs may seek leave of Court to re-propound these interrogatories, should circumstances so warrant. Plaintiffs shall carefully consider narrowing the interrogatories in time and scope should they seek leave to re-propound them.

With regard to Interrogatory No. 9, the motion is granted in part.  The Court finds that the interrogatory is overbroad in time and scope.  Counsel for plaintiffs and counsel for Houser shall meet and confer and agree on a limitation in time and in scope.  The Court also rejects Houser's objection on the ground of investigatory privilege for the reasons outlined above.

With regard to Request for Production No. 1, the motion is granted.

With regard to Request for Production No. 5, the motion is granted in part.  The Court finds that the request for production is overbroad in time and scope.  Counsel for plaintiffs and counsel

for Houser shall meet and confer and agree on a limitation in time and in scope. Houser shall supplement his response to this request, should further responsive documents exist.

With regard to Request for Production No. 11, the motion is granted in part. The Court finds that the request for production is overbroad in time and scope. Counsel for plaintiffs and counsel for Houser shall meet and confer and agree on a limitation in time and in scope. Should Houser withhold documents on the ground of the attorney-client and/or work-product privileges, Houser shall clearly state so and provide an appropriate privilege log. The Court also rejects Houser's objection on the ground of investigatory privilege for the reasons outlined above.

With regard to Request for Production No. 13, the motion is denied. The Court finds that the request is grossly overbroad. This Order reserves the right to plaintiffs to re-phrase the request and re-propound it on Houser.

With regard to Request for Production No. 16, the motion is denied. Income tax returns are highly sensitive documents that courts are reluctant to order routinely disclosed as a part of discovery. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411(5th Cir. 1993) (citations omitted). "Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system." *Id.* (citing *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir.1993)). For the court to order disclosure of tax returns, it must find "that the returns are relevant to the subject matter of the action" and "that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Mohnot v. Bhansali*, No. Civ. A. 99-2332, 2001 WL 515242, *1 (E.D. La. May 14, 2001) (citing *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)). Plaintiffs have

not met their burden here and demonstrated that the information that they seek through the tax returns is otherwise readily unobtainable. Plaintiffs contend that the tax returns will demonstrate that he received commissions from the sales of the tax credits. Houser has denied that he received any commissions. Plaintiffs have failed to demonstrate that they can not obtain the information that they seek through other means, for example, the deposition of Houser. Accordingly, the motion is denied with respect to this request at this time.

With regard to Request for Production No. 20, the motion is granted in part. Houser shall supplement his response to this request, should further responsive documents exist.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel [Doc. #95] and the Motion to Compel [Doc. #96] are GRANTED IN PART, DENIED IN PART and DISMISSED WITHOUT PREJUDICE AS MOOT IN PART. If the Court has ordered SAI or Houser to respond to a discovery request or to supplement their response to a discovery request, that party shall do so **no later than ten (10) days from the date of this Order**.

New Orleans, Louisiana, this 31st day of March, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**