UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES GRANT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-805 c/w 10-872 & 10-1919**<br>Ref: 10-1919 |
| **KEVEN HOUSER, ET AL.** | **SECTION "C" (3)** |

**ORDER AND REASONS**[1]

Before the Court is Defendants' Motion to Stay Proceedings Pending Appeals of this Court's orders denying Defendants' two motions to compel arbitration and stay proceedings in Plaintiffs' second amended and restated complaints. (Rec. Doc. 106). Plaintiffs oppose this motion. (Rec. Doc. 109). Having reviewed the record, the parties' motions, and the applicable law, Defendants' motion is DENIED for the following reasons.

**I. Background**

This Court has already laid out the facts underlying this lawsuit in a prior order. *See* (Rec. Doc. 89 at 1-2). Since then, this Court has twice denied Defendants' motions to compel arbitration because, *inter alia*, they never submitted documentary evidence that Securities America, Inc. ("Securities America") was Plaintiff Berger and Brecek & Young Advisors, Inc.'s ("BYA") assignee. (Rec. Doc. 101 at 1). Without sufficient evidence of this assignment, this Court held that Securities America could not enforce the Arbitration Agreement in the New Account Form. (Rec. Doc. 89 at 4); (Rec. Doc. 101 at 1); *see also* (Rec. Doc. 58-2 at 1) (containing arbitration clause). Defendants timely appealed this Court's orders pursuant to 9 U.S.C. § 16 of the Federal Arbitration Act ("FAA"). (Rec. Doc. 106-1 at 2-3). On March 23,

---

[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

2011, Defendants moved to stay all proceedings pending the resolution of their appealed claims. (Rec. Doc. 106).

## II.  Law and Analysis

**A.  Discretionary Stay Based on Court's Inherent Power**

Defendants first argue that this Court should use its inherent power to stay these proceedings based on the competing interests in this lawsuit. (Rec. Doc. 106-1 at 3-4). A district court's granting of such a stay is based on its inherent "authority to regulate its flow of cases." *Coastal (Bermuda) Ltd. v. E.W. Saybold & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). However, because the exercise of a court's inherent power is generally unreviewable, a court must take care not to abuse this power. *Id.*; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1984) (holding that a district court abused its discretion when it granted a stay without a showing of exceptional circumstances). Only where there is "something close to genuine necessity" should a district court grant a discretionary stay based on its inherent power to do so and only to the extent that other litigants are not unduly prejudiced. *Coastal*, 761 F.2d at 204 n.6 ("[T]he moving party bears a heavy burden to show why a stay should be granted absent statutory authorization . . . ."); *see Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

Defendants first argue that this Court should grant a stay based on the interests of judicial economy. (Rec. Doc. 106-1 at 4). While the Fifth Circuit has not yet resolved their appealed claims, Defendants point out that arbitration would reduce their continued court expenses. *Id*. Second, Defendants argue that a stay will not prejudice Plaintiffs because "[t]his proceeding is still in its infancy and Plaintiff[s] will suffer no hardship or inequity by a stay." *Id*. at 5.

This Court finds that Defendants have not demonstrated such exigency that this Court must grant a stay based on its inherent power to do so. First, the interest of judicial economy is a general court motivation, which, if considered to satisfy a defendant's "heavy burden," would tempt a court to abuse its inherent power. *See* Fed. R. Civ. Pro. 1 (directing a court generally to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Second, Defendants have not shown how Plaintiffs will not be prejudiced by a stay, but merely stated that "Defendants . . . will be refused the benefits of the rights for which they contracted." (Rec. Doc. 106-1 at 5); (Rec. Doc. 114 at 2). Not only does a stay potentially prejudice Plaintiffs by putting an indefinite hold on the resolution of their grievances, but Defendants have yet to address this Court's findings that they were not contractually entitled to the benefits of arbitration in order to be prejudiced.

**B. Stay Based on Divestiture of Jurisdiction**

Defendants next rely on *Carey v. 24 Hour Fitness USA, Inc.*, No. H-10-3009, slip op. (S.D. Tex., Dec. 30, 2010), to contend that this Court should grant a stay because its non-frivolous appeals divest this Court of jurisdiction. (Rec. Dc. 106-1 at 5). While *Carey* does not bind this Court's determination, it is nonetheless valuable as persuasive authority. *Carey*

3

highlights the circuit split over the issue of whether an interlocutory appeal of a district court's refusal to enforce an arbitration agreement pursuant to § 16 of the FAA divests a district court of jurisdiction. *Carey*, slip. op. at 1-2 (citing cases that demonstrate the split between the Third, Seventh, Tenth, and Eleventh Circuits and the Second and Ninth Circuits).

The majority of circuits follow the principle of jurisdictional divestiture announced in *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997). Under this principle, "'the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). A district court is to grant a stay in the § 16 context so long as appealed claims are not frivolous. *Id.* at 506.

There are three primary justifications for this principle. First, "it is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Id.* at 505 (quoting *Griggs*, 459 U.S. at 56). Second, the benefits of arbitration "are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially." *Id.* at 506. Third, if a district court does not stay proceedings pending an interlocutory appeal, there may result "a denial or impairment of the appellants ability to obtain its legal entitlement to avoidance of litigation." *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005); *see also id.* at 1162 n.1 (quoting 20 James Wm Moore et al., Moore's Federal Practice § 303.32[1] (3d ed. 1999) ("We note that we are not talking about constitutional or statutory jurisdiction, but rather 'a judge-made doctrine, designed to promote judicial economy and avoid . . . confusion and inefficiency.'")).

The view held by a minority of circuits was established in *Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). Under this view, "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Id*. at 1412. Because a district court is not divested of jurisdiction over the non-appealed claims, it is within the district court's discretion to issue a stay, such as when "the court finds that the motion presents a substantial question." *Id*. (citing *Pearce v. E.F. Hutton Grp., Inc.*, 828 F.2d 826, 829 (D.C. Cir. 1987), and *C.B.S. Emps. Fed. Credit Union v. Donaldson*, 716 F.Supp. 307 (W.D. Tenn. 1989), for determining when a "substantial question" arises).

On the issue of whether a movant has presented a "substantial question," *Britton*'s citation to *C.B.S.* is more informative than *Pearce*, which provided no analysis. *Pearce*, 828 F.2d at 829 (simply finding that the defendant "would suffer substantial harm if [plaintiff's] action were not stayed pending appeal). *C.B.S.* cited to the following four part test established in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), to determine when a district court should grant a stay:

> (1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) [whether] public interest [supports the grant of a stay].

While these factors are helpful as a general guide for when court's should exercise their jurisdiction, *Britton* neither applied *Hilton*'s factors nor have other courts' applications of *Britton* been uniform. *See* John Y. Gotanda, *The Emerging Standards for Issuing Appellate Stays*, 45

5

Baylor L. Rev. 809, 819 (1993) ("In general, four procedures have been used to weigh the [*Hilton*] factors in deciding whether to grant the stay: (1) the sequential test; (2) two alternative test; (3) balancing-of-the-factors test; and (4) the two-tier sliding scale test.").

The Fifth Circuit has not taken sides in this relatively recent circuit split. However, Fifth Circuit precedent and the propensities of the district courts within the Fifth Circuit suggest that a *Britton*-type analysis is warranted in this case. While acknowledging that a district court is generally divested of jurisdiction when a party files a notice of appeal, this "rule . . . is not absolute. The district court maintains jurisdiction as to matters not involved in the appeal," *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982), which cuts against a strict application of the jurisdictional divestiture principle in favor of a more discretionary analysis.

Furthermore, the Fifth Circuit has followed a *Hilton*-type analysis in resolving whether a district court should grant a stay of proceedings pending appeal. *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) ("*Ruiz II*") (listing *Hilton* factors); *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39-40 (5th Cir. 1983) (per curiam) (applying *Ruiz I* to determine whether a stay should be granted over remaining claims). In *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("*Ruiz I*"), the court appeared to state that a stay should be granted if a movant simply presents "a serious legal question" and shows "that the balance of the equities weighs heavily in favor of granting the stay." 650 F.2d at 565. However, *Ruiz II* clarified that *Ruiz I* is not to be viewed as "a coup de grace for the likelihood-of-success criterion in this circuit." 666 F.2d at 856. Rather,

> [l]ikelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only "if the balance of equities (*i.e.* consideration of the

other three factors) is . . . *heavily tilted* in the movant's favor" will we issue a stay

in its absence, and, even then, the issue must be one with patent substantial merit.

*Id*. at 857 (quoting *Ruiz I*, 650 F.2d at 565-66) (emphasis in original).  Thus the *Ruiz II* court directed that the probability that a party would be successful on appeal be weighted more than the equitable considerations.

*Bradford-Scott*'s frivolous claim limitation stands out in sharp contrast to the *Ruiz II* standard.  For a court to determine an appeal to be frivolous, "'the result [must be] obvious or the arguments of error . . . wholly without merit.'"  *Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir. 1991) (quoting *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988)).  Undoubtedly this high standard satisfies the policy rationales articulated in *Bradford-Scott* that clearly favor arbitration.  However, because *Bradford-Scott* effectively unburdens a movant under *Ruiz II*, it is unlikely for a district court to readily expect the Fifth Circuit to deviate from its precedent.

Since *Bradford-Scott* was handed down, the district courts within the Fifth Circuit have demonstrated their reluctance to move away from *Britton*'s reasoning.  Despite its being a majority-held view, *Bradford-Scott*'s principle has appeared to be more the exception than the rule in the district courts of the Fifth Circuit.  *See, e.g.*, *Triton Container Int'l Ltd. v. Baltic Shipping Co.*, No. 95-0427, 1995 WL 758928, at *3 (E.D. La. 1995) (applying *Britton* and denying stay without considering *Bradford-Scott*'s policy rationales); *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309 (Bankr. S.D. Tex. 1999) (appearing to apply both *Britton* and *Bradford-Scott*, but using *Bradford-Scott*'s policy rationales to satisfy the *Hilton* factors); In re *Enron Corp. Sec., Derivative & "Erisa" Litig.*, 391 F.Supp.2d 541, 587 (2005) (distinguishing case from *Bradford-Scott* on grounds that remaining claims did not relate to those claims on

7

appeal, but not expressly endorsing *Britton*); *RA Invs. I, LLC v. Deutsche Bank A.G.*, No. 3:04-CV-1565-G, 2005 U.S. Dist. LEXIS 9961, at *11-12 (N.D. Tex. May 20, 2005) (expressing direct support for *Britton*, but not permitting the proceedings to reach trial stage on the basis of *Bradford-Scott*'s policy rationales); *Moran v. Ceiling Fans Direct, Inc.*, No. H-06-0813, 2006 WL 2868939, at *1 (S.D. Tex. 2006) (denying motion to stay all proceedings because it was undisputed that one plaintiff was not subject to the arbitration agreement, but not deciding whether *Bradford-Scott* or *Britton* applied notwithstanding); *Carey*, No. H-10-3009, slip op. at 1-2 (applying both tests, endorsing *Bradford-Scott*, and applied *Bradford-Scott*'s policy rationales to satisfy *Britton*'s discretion requirement, but did not use *Hilton* factors). Thus it would appear that *Bradford-Scott*'s persuasive value to fellow district courts lies in how its policy rationales affect their understanding of the equities at stake in a motion to stay, rather than its analytical framework.

This Court is similarly persuaded by the policy rationales articulated in *Bradford-Scott*, but, absent further guidance, is not wholly convinced that the principle of jurisdictional divestiture applies in the Fifth Circuit. Instead, as the only issues on appeal pertain to arbitration, this Court finds that it still has jurisdiction over the remaining claims. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983) (noting that a dispute over the issue of arbitration is easily severable from the merits of other underlying claims). Thus this Court may grant Defendants' motion to stay the remaining claims pending appellate resolution at its discretion if it is convinced that Defendants have made a sufficient showing that a stay is proper under the four factors identified in *Ruiz I* and *II*.

    1. Likelihood of Success on Appeal

Defendants timely gave notices of appeal regarding each of this Court's orders denying their motions to compel arbitration pursuant to the FAA.  (Rec. Doc. 106-1 at 2-3).  This Court twice denied Defendants' motions because they did not support their claims with any evidence apart from bare assertions. Defendants could not enforce the Arbitration Agreement because they never produced documentary evidence that they were BYA's contractual assignees.  (Rec. Doc. 89 at 4); (Rec. Doc. 101 at 1).  Defendants also could not make out equitable estoppel arguments under California law because they did not supply this Court with evidence that Plaintiffs' underlying claims were covered by the Arbitration Agreement.  (Rec. Doc. 89 at 4-5); (Rec. Doc. 101).

In their motion to Stay Proceedings Pending Appeals, Defendants do not indicate that they will provide any additional evidence on appeal. Defendants merely assert that they are entitled to arbitration by contract.  (Rec. Doc. 106-1 at 5).  Given that this is the third time that Defendants have not produced sufficient–or any–documentary evidence in support of their arguments, this Court finds that it is unlikely that Defendants will fare any better on appeal. Consequently, the remaining three *Ruiz* factors must be "heavily tilted" in Defendants' favor for this Court to grant a stay.

2. Irreparable Injury to Defendants

Defendants argue that should this Court refuse to grant a stay to all proceedings, they must bear the burdens of litigation and irreparably suffer the loss of what benefits they were entitled to under contract. (Rec. Doc. 106-1).  *Bradford-Scott* advises that the potential loss of the benefits of arbitration in continued litigation is a legitimate concern for a court to consider.

9

128 F.3d at 505-06. *McCauley* further suggests that a court should stay proceedings to preserve a party's "legal entitlement to avoidance of litigation." 413 F.3d at 1162.

Mindful of the potential loss of the benefits of arbitration, to which Defendants claim contractual entitlement, this Court finds that this potential loss is a valid concern for irreparable injury, but not does not heavily tilt the equities in Defendants' favor. In *Baylor*, the court concluded that, on balance, the equities heavily favored a stay where a defendant was presented with the "Hobson's choice" of "either . . . suffer[ing] the consequences and expense of an investigation that may be ultimately determined to have been unwarranted, or los[ing] all its Medicare and Medicaid funds," thereby relinquishing it of all federal financial assistance. *Id*. at 39-40. Similarly Defendants are faced with going forward with a litigation that may turn out to have been subject to less expensive arbitration. However, as pointed out above, Defendants have twice failed to persuade this Court by a show of documentary evidence that they were ever entitled to a right to arbitration as BYA's assignees. Without this fundamental requirement or argument to the contrary, Defendants' right to arbitration does not stand on firm ground. Thus it is hard to see how Defendants will be suffering the irreparable loss of the benefits of arbitration when they have not shown to have possessed such a right in the first place. By contrast, the losses that the defendants in *Baylor* faced were certain and would gravely burden them. Thus, while Defendants may suffer from the potential loss of arbitration, the significant lack of certainty that Defendants ever possessed such a right cuts against giving much equitable weight to the Defendants' potential irreparable injury.

      3. Substantial Injury to Plaintiffs

Defendants argue that the Plaintiffs will not be prejudiced were this Court to grant a stay because "[t]his proceeding is still in its infancy . . . ." (Rec. Doc. 106-1 at 5). Although this proceeding is at an early stage, this Court cannot ignore the fact that Plaintiffs are entitled to the right to litigate and redress their grievances. Unlike the possibility that Defendants would suffer their loss of the right to arbitrate, a stay directly infringes on Plaintiffs' right to litigate by delaying these proceedings for an "indefinite duration." *Landis*, 299 U.S. at 255 (noting that a court abuses its discretionary power when it grants "a stay of indefinite duration in the absence of a pressing need").

4.  Public Interest

Defendants finally argue that a stay is proper in the interests of judicial economy and because the FAA strongly favors arbitration. (Rec. Doc. 106-1 at 5). The FAA's "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25, and its promotion of judicial economy are not to be contested. "Section 16 promotes this policy 'by permitting interlocutory appeals of orders favoring litigation over arbitration and precluding review of interlocutory orders that favor arbitration.'" *McDermott Int'l, Inc. v. Underwriters at Llodys Subscribing to Memorandum of Ins. No. 104207*, 981 F.2d 744, 747-48 (5th Cir. 1993) (quoting *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex*, 915 F.2d 1017, 1020 (5th Cir. 1990)); *see also Bradford-Scott*, 128 F.3d at 506 ("Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper.").

However, the FAA's policy favoring arbitration is not furthered when two parties have not agreed to arbitrate their claims or when the claims of the underlying dispute are not within the purview of the arbitration agreement. In light of the fact that both of these scenarios are

11

present in this case, Defendants have not persuaded this Court that the FAA's public interest in arbitration outweighs the competing public interest in the expedient resolution of judicial controversies such that a stay of all proceedings is warranted. *See McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (holding that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration").

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion to Stay Proceedings Pending Appeals is DENIED. (Rec. Doc. 106).

New Orleans, Louisiana, this 1st day of July, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE