UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES GRANT, ET AL | CIVIL ACTION |
| VERSUS | NUMBER: 10-0805 & Consol. Cases *Relates to 10-0805* |
| KEVIN HOUSER, ET AL | SECTION: "C" (3) |

## ORDER AND REASONS

Before the Court is defendants' motion for summary judgment. Rec. Doc. 229. Plaintiffs oppose the motion. Rec. Doc. 231. The motion is before the Court on the briefs and without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court partially denies and partially finds the motion moot for the following reasons.

## I. BACKGROUND

Louisiana offers tax credits for in-state expenditures related to motion picture production in order to encourage the expansion of the local film production industry. Rec. Doc. 31 at 2. Once issued by the state, the credits are fully transferrable and may be purchased by Louisiana residents, typically at a discount, and may be used to offset state income tax liability. *Id.*

Plaintiffs Charles Grant ("Grant"), Jeremy Shockey ("Shockey"), Mitch Berger ("Berger"), Elizabeth Payton, and Sean Payton (the Paytons") alleged claims on behalf of themselves and a putative class for violations of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), breach of contract, bad faith breach of contract, breach of professional and fiduciary duties, detrimental reliance, and unjust enrichment. Plaintiffs maintain SAI is liable for Houser's actions under the theory of *respondeat superior*. Rec. Doc. 1 at 7. Intervenor Gibbs filed a motion

1

to intervene on October 1, 2012, which was granted on October 9, 2012. Rec. Docs. 153 & 155. The Paytons, Shockey and Gibbs have settled their claims. Rec. Docs. 240 & 244.

This dispute arises from an arrangement wherein plaintiffs claim that Houser, a former professional football player for the New Orleans Saints and an agent of SAI, allegedly promoted the sale of tax credits from Louisiana Film Studios ("LFS") to members of the Saints organization and others. Rec. Doc. *Id.* at 8.  Plaintiffs claim they provided checks to Houser, made payable to LFS, for which they were to receive tax credits.  Plaintiffs allege that Houser caused their funds to be delivered to LFS without Houser conducting due diligence to protect those funds from being subsequently wasted and lost. Rec. Doc. *Id.* at 5-6.  Plaintiffs allege that Houser failed to disclose a purported financial interest in LFS at the time he allegedly solicited plaintiffs to purchase the tax credits. *Id.* at 4.

## II. LAW AND ANALYSIS

**A. Standard of Review for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (*citing Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).  An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)).  A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

**B. LUTPA Claims**

The Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1401, *et seq.*, explicitly excludes actions against "any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of . . . the financial institutions . . . regulators or other states." La. R.S. 51:1406(1). Defendants have previously moved to dismiss plaintiffs' claims by arguing the defendants were excluded from the provisions of the act. Rec. Doc. 31 at 1. This Court ruled that defendants' claims under LUTPA could be dismissed on summary judgment if defendants could show there was no genuine issue of material fact as to whether defendants Houser and SAI fall under LUTPA's exemptions, or in other words, that Houser and SAI were undisputably licensees of the Office of Financial Institutions. Rec. Doc. 52 at 4.

1. Judicial Notice

In their present motion, defendants ask the Court to take judicial notice of the fact that SAI and Houser are registered with the Louisiana Office of Financial Institutions ("LOFI") and that AIS is licensed by the Louisiana Department of Insurance. Rec. Doc. 229 at 6.  Defendants do not disclose that this issue has already been decided by the Court. Rec. Doc. 52 at 4.  Although the Court ruled that summary judgment could be granted if the defendants demonstrate that there is no genuine issue of material fact about whether Houser and SAI are licensees of the Office of Financial Institutions, the Court already stated that it would not take judicial notice of this. *Id.*  A Court may take judicial notice of a fact that (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED.R.EVID. 201(b); *Taylor v. Charter Medical Corporation*, 162 F.3d 827 (5th Cir. 1998).

2. Summary Judgment on Defendant's Exemption from LUTPA claims

Defendants argue that SAI is exempt from the LUTPA claims because it is regulated by LOFI, and that Houser is exempt from the LUTPA claims because he is an affiliate of a LOFI licensee. Rec. Doc. 229 at 7-8.  Defendants also claim that AIS is exempt from the LUTPA claims because it is subject to the jurisdiction of the Louisiana Insurance Commissioner. *Id.* at 8.

Plaintiffs contest these assertions. Rec. Doc. 231 at 4.  Plaintiffs contend that defendants' have not demonstrated that SAI or Houser are exempt from the LUTPA because defendants' affiants have only sworn that SAI and Houser are registered with LOFI. *Id.* at 5.  Plaintiffs claim that the documents attached to defendants' motion demonstrate that SAI and Houser are registered rather than licensed by LOFI. *Id.*  Plaintiffs draw a distinction between the term "registered" and the term "licensed." *Id.* at 5.  The statute exempts licensees of financial institutions from the LUTPA. La. R.S. 51:1406(1).  Plaintiffs explain that LOFI does not license securities brokers, it merely registers them. Rec. Doc. 231 at 6.  Therefore, plaintiffs claim, SAI and Houser cannot be

exempt from the LUTPA.

To understand whether the LUTPA's exemption should be applied strictly to "licensees," or whether it also applies to entities registered with LOFI, the Court first looks to the case law cited by the defendants. In *Clark v. Saxon Morg. Co.*, No. 11-cv-65-JJB, 2012 WL 1752698, at *4 (M.D. La. May 16, 2012), the Court found that Clark's LUTPA claims against Saxon were statutorily barred. Clark had executed two promissory notes, along with a separate mortgage securing each note. *Id.* at *1. Saxon Mortgage Services was the servicer of both of Clark's mortgages. *Id.* Clark brought the case against Saxon after Saxon reported his account's delinquency to three national credit reporting organizations before notifying him of the delinquency, or demanding the default amount. *Id.* The Court explained in a parenthetical that the reason the claims were statutorily barred was because the statute exempts "any licensee of the Office of Financial Institutions," and "actions or transactions subject to the jurisdiction of ... [Louisiana's] commissioner of financial institutions ..." *Id.* at 4.

In *Suffern v. Countrywide Home Loans, Inc.*, No. 06-0358, 2006 WL 1999204, at *1 (E.D. La. July 14, 2006), the Court also dealt with a claim against a mortgage company. After the Sufferns' home was severely damaged during Hurricane Katrina, the Sufferns filed an insurance claim with their insurance carrier, State Farm. *Id.* The insurance check the petitioners received was endorsed to Countrywide, its mortgagor. *Id.* The Sufferns requested disbursement of $75,000 for repairs and restoration in November 2005. *Id.* Countrywide disbursed $15,000 on December 19, 2005. *Id.* After inspection, Countrywide released the full amount on January 19, 2006. *Id.* The Sufferns brought the suit in January alleging that Countrywide's unreasonable and fraudulent delay in disbursing insurance proceeds pursuant to the Sufferns' homeowner's insurance policy constituted breach of the mortgage agreement and violated the LUTPA. *Id.* The Court granted a motion for summary judgment on the LUTPA claims. *Id.* at *2. It explained that Countrywide is a mortgage company subject to the commissioner of financial institutions and the jurisdiction of the

5

commissioner of financial institutions. *Id.* It concluded that, therefore, Countrywide is exempt from the provisions of the LUTPA. *Id; see also Oakes v. Countrywide Home Loans, Inc.*, No. 07-9743, 2012 WL 2327920, at *4 (E.D. La. June 19, 2012) (dismissing plaintiff's LUTPA claims against mortgage lender defendant because the statute does not apply to actions or transactions subject to the jurisdiction of the commissioner of financial institutions); *Daigle v. Trinity United Mortgage, L.L.C. and Joe Diez*, 890 So.2d 583, 2004-406 (La.App.3 Cir. 11/10/04) (dismissing LUTPA claims against a mortgage company as exempt).

The defendants also cited to *Resolution Trust Corp. v. Murray*, 935 F.2d 89, 93 AN 2 (5th Cir. 1991). The Court noted in footnote 2 that the Murray did not appeal the district court's dismissal of its LUTPA claim, and that the Court correctly held that the LUTPA does not govern the actions of a state chartered savings and loan institution such as Delta, Inc. *Id; see also State Bank of Commerce v. Demo of Louisiana, Inc.*, 483 So.2d 1119, 1121 (dismissing claims regarding a loan against a state bank because the bank is exempt under LUTPA).

In refuting defendants' motion to dismiss, plaintiffs claim that the cases to which defendants cite do not support an exemption for SAI or Houser under LUTPA because they deal only with LUTPA exemptions for mortgage companies that were licensed by LOFI rather than companies and alleged affiliates such as SAI and Houser that were merely registered with LOFI. Rec. Doc. 231 at 6-7. Plaintiffs make a weak argument because they do not cite to case law stating that there is a distinction between a licensee and a registrant. However, the Court finds that the case law relied on by defendants still demonstrates that there is an issue of material fact that SAI and Houser were licensees of LOFI.

The Court also looks to the exhibits the defendants attach to their motion. Rec. Doc. 229. FED.R.CIV.P. 56(c); *Celotex Corp.* at 323 (finding that while a party need not provide affidavits, if any are supplied they shall become part of the admissions on file to determine whether there is no genuine issue as to any material fact). The first exhibit attached to defendant's motion for

6

summary judgment is an affidavit from P. Len Riviere. Rec. Doc. 229-2 at 2.  He is the Deputy Chief Examiner, Securities Division, at LOFI.  He swears, under oath, that SAI has been a registered securities broker/dealer with LOFI since 1985, and that SAI's registration is current. *Id.* While this is evidence that SAI is a registered securities broker with LOFI, it does not demonstrate that SAI is licensed by LOFI.

In the next exhibit, Kevin J. Miller, a former compliance examiner for SAI and current Senior Vice President and General Counsel, attests that SAI is a national securities broker/dealer and a member of the Financial Industry Regulatory Authority, Inc. ("FINRA"). Rec. Doc. 229-3 at 2.  Miller states that FINRA licenses individual securities brokers or "registered representatives" as well as securities broker/dealer firms. *Id.*  Miller also swears that Houser is a registered representative affiliated with SAI and licensed by FINRA. *Id.*  However, Miller also notes that "In addition to being registered and licensed with FINRA, both SAI and Houser are required to register and be licensed by various securities regulators in the states where they conduct business." *Id.* Miller expands on this by stating that SAI conducts business in Louisiana and is registered with LOFI. *Id.* at 3.  He also states that Houser is licensed by LOFI. *Id.*  He then states that a copy of Houser's registration with LOFI is attached. *Id.*  While Miller uses the words interchangeably, he has only provided a copy of Houser's registration, not his license.  Additionally, Miller's emphasis on Houser's license from FINRA is misplaced because FINRA is an "independent" regulator of securities firms, and therefore an organization licensed by it does not qualify for an exemption under LUTPA. Rec. Doc. 231, (*quoting* La. R.S. 51:1406(1)).

The last exhibit attached to defendants' motion is an affidavit from Antonios G. Daskalakis, a Vice President of AIG Property Casualty. Rec. Doc. 229-10 at 1.  He states that AIS is a wholly owned subsidiary of AIG, and that it is licensed and regulated by the Louisiana Department of Insurance.  *Id.* at 2.  He further states that a list of all insurers that are active and licensed to conduct business in Louisiana is publicly available on the Louisiana Department of Insurance

7

website and that a copy showing that Chartaris Specialty, which AIG is now named, is an insurer licensed by the Louisiana Department of Insurance is attached. *Id.* The attached copy appears to be a license because it has written on it: "License Types: Surplus Lines." *Id.* at Exh. A.

Defendants have made a strong case for exemption under the LUTPA. This Court understands that the reason entities that are licensed by Office of Financial Institutions, its subsidiaries, and affiliates are exempt from the LUTPA is to avoid duplication by excluding financial institutions, which are regulated by other authorities as to unfair or deceptive trade practices. *Mariche v. Wells Fargo Bank, N.A.*, No. 11-1191, 2012 WL 1057626, at *2 (E.D. La. Mar. 28, 2012), (*quoting Carriere v. Proponent Federal Credit Union*, 2004 WL 1638250 at *7 (W.D. La. July 12, 2004)). However, defendants have not met the standard for a motion for summary judgment because there is still a genuine issue of material fact as to whether SAI and Houser are licensed by the Office of Financial Institutions. Defendants have not cited to any case law where a court has exempted similar defendant securities brokers under the LUTPA. Additionally, defendants have not provided evidence that SAI or Houser are licensed by LOFI. *See* Rec. Doc. 229, Exh. 1, 2 & 3. The motion for summary judgment on the LUTPA claims against SAI and Houser must be denied.

Additionally, the Court does not grant summary judgment on the LUTPA claims against AIS. Although the Court finds that AIS is an insurance company authorized to do business in the state of Louisiana, Rec. Doc. 229, Exh. 3, the LUTPA does not necessarily bar the type of claim presented here. Actions or transactions are subject to the jurisdiction of the insurance commissioner and are exempt from the LUTPA. *Id.* at 608; La. R.S. 51:1406. However, the case to which defendants cite is a recoventional demand for malicious prosecution and unfair trade practices. *Southern General Agency, Inc. v. Safeway Insurance Company of Louisiana*, 769 So.2d 606, 1999-1892 (La.App. 3 Cir. 6/7/00). Plaintiffs argue that the exemption for actions or transactions that are subject to the jurisdiction of the insurance commissioner is not applicable here because AIS is

named as a defendant only pursuant to the Louisiana direct action statute, La. R.S. 22:1269, not in a reconventional demand. The Louisiana direct action statute provides an injured person a right of direct action against the insurer and the insured. *Id.* The insurer "stands in the shoes" of the insured and is bound by the terms of the insured's policy. *Authenment, III v. Ingram Barge Company*, 878 F. Supp. 2d 672, 681 (E.D. La. 2012). Considering this, defendants have not demonstrated that summary judgment should be granted in favor of AIS when it "stands in the shoes" of SAI and Houser, and summary judgment has not been granted for SAI or Houser.

### C. Gibbs' Claims

Defendants claim that Gary Gibbs' LUTPA and tort claims are time-barred. Rec. Doc. 229 at 2. The Court does not address defendants arguments against Gibbs' claims in this Order and Reasons because it has been informed that the Gibbs claims have settled. Therefore, defendants' motion for summary judgment on Gibbs' claims is moot. Rec. Doc. 244.

Accordingly:

IT IS ORDERED that defendants' motion for summary judgment is DENIED IN PART and MOOT IN PART. Rec. Doc. 229.

New Orleans, LA, this 10th day of June, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE